**Tomas A. Guterres, Esq. (State Bar No. 152729)**
**Catherine M. Mathers, Esq. (State Bar No. 221983)**
**Erin R. Dunkerly, Esq. (State Bar No. 260220)**
**COLLINS COLLINS MUIR + STEWART LLP**
**1100 El Centro Street**
**South Pasadena, CA  91030**
**(626) 243-1100 – FAX (626) 243-1111**
**Email:  tguterres@ccmslaw.com**
**Email:  cmathers@ccmslaw.com**
**Email:  edunkerly@ccmslaw.com**

Attorneys for Defendants, COUNTY OF LOS ANGELES, DEPUTIES DAVID CHEVEZ and LAWRENCE SWANSON, JR.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.G. AND L.G., minors, by and through their Guardian ad Litem, Lilliana Magallon; SARA PEREZ,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>COUNTY OF LOS ANGELES; LEROY BACA, DEPUTIES DAVID CHEVEZ and LAWRENCE SWANSON, JR.; AND DOES 3 – 10,<br><br>　　　　　Defendants. | CASE NO. CV13-008312-SVW(FFMx)<br>*[Assigned to Judge Stephen V. Wilson, Courtroom 6]*<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS, COUNTY OF LOS ANGELES, DEPUTIES DAVID CHEVEZ AND LAWRENCE SWANSON, JR. TO DISMISS OR STRIKE SECOND AMENDED COMPLAINT OF PLAINTIFFS**<br>*[Meet and confer pursuant to C.D. Cal. R. 7.3 on January 17, 2014]*<br><br>**DATE: Monday,  March 3, 2014**<br>**TIME: 1:30 p.m.**<br>**CTRM: 6**<br><br>**Trial Date:    May 20, 2014** |

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD HEREIN:

　　　PLEASE TAKE NOTICE that on **Monday, March 3, 2014, at 1:30 p.m.**, or as soon thereafter as the matter may be heard in Courtroom 6 of the above-captioned

18782

1

**NOTICE OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Court, Defendants, COUNTY OF LOS ANGELES, DEPUTIES DAVID CHEVEZ and LAWRENCE SWANSON, JR. (hereinafter collectively "County Defendants") will and hereby do move the Court for dismissal of plaintiffs' Second Amended Complaint pursuant to Federal Rules of Civil Procedure, Rules 12(b)(6), 12(e), 12(f), and 8(d)(1). County's motion seeks dismissal of the Second Amended Complaint on the following grounds:

1. The first cause of action of plaintiffs N.G. and L.G. for Unreasonable Search and Seizure—Detention and Arrest under 42 U.S.C. § 1983 fails to state facts sufficient to constitute a cause of action against defendants Deputies Chevez and Swanson and should be dismissed, stricken, or a more definite statement required under Rules 12(b)(6), (e), and (f).

2. The fourth cause of action of plaintiffs N.G. and L.G. for Municipal Liability under 42 U.S.C. § 1983 against defendant County of Los Angeles and should be dismissed, stricken, or a more definite statement required under Rules 12(b)(6), (e), and (f).

3. The fifth cause of action of plaintiffs for Wrongful Death damages under California Code of Civil Procedure section 377.60 (a) against County under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

4. The sixth cause of action of plaintiffs for Battery under California Government Code section 815.2 against County under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

5. The seventh cause of action of plaintiffs for Negligence under California Government Code section 815.2 against County under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

6. The fifth cause of action of plaintiff Sara Perez for Wrongful Death damages under California Code of Civil Procedure section 377.60 (a) against all defendants fails to state a cause of action and should be dismissed, stricken, or a more definite statement required under Rules 12(b)(6), (e), and (f).

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

18782

2

**NOTICE OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**

On January 17, 2014, counsel for County Defendants attempted pursuant to Local Rule 7-3 to meet and confer regarding the subject of this motion with plaintiffs' counsel. Similar issues were previously raised in correspondence with plaintiffs' counsel on November 7, 2013 and December 11, 2013, and in a meeting on December 16, 2013.

This motion is based upon this Notice, the attached Memorandum of Points and Authorities, all papers and pleadings on file in this action, any matter of that the Court may or shall take judicial notice, and all other matters as may be presented to the Court at the hearing on this Motion.

DATED: January 24, 2014          COLLINS COLLINS MUIR + STEWART LLP

By: _____
ERIN R. DUNKERLY
TOMAS A. GUTERRES
CATHERINE M. MATHERS
Attorneys for Defendants, COUNTY OF LOS ANGELES, DEPUTIES DAVID CHEVEZ and LAWRENCE SWANSON, JR.

18782

3

**NOTICE OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiffs N.G., L.G., and Sara Perez are the children and mother of Jilberto Gutierrez ("decedent") who, in their Second Amended Complaint, fail to allege sufficient facts to support their causes of action against the County of Los Angeles and Sheriff's Deputies Chevez and Swanson (collectively County Defendants). Decedent's successors in interest with standing to sue for survival causes of action are plaintiffs N.G. and L.G; however, their claims under 42 U.S.C. § 1983 (2012) for violations of decedent's Fourth Amendment rights and municipal violations are devoid of factual support. Plaintiffs also allege state claims for wrongful death, battery, and negligence that are barred by County's statutory immunity. Finally, plaintiff Perez is not a successor of decedent and lacks standing to sue for wrongful death. The pleading should therefore be dismissed and stricken accordingly.

## II.

## AUTHORITY FOR MOTION

Dismissal of a complaint under Federal Rules of Civil Procedure, Rule 12(b)(6) for failure to state a claim upon which relief can be granted is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a motion to dismiss, a complaint must contain sufficient facts, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). More specifically, the complaint must assert more than "naked assertions," "labels and conclusions," or simply a "formulaic recitation of the elements of a cause of action." *Id*. at 555-557. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

18782

1

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Plaintiffs must also demonstrate that their claims have facial plausibility. *Bell Atlantic Corp*, *supra*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Taken collectively, "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

In addition, Rule 12(e) authorizes the court to strike or dismiss a pleading if it "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). Dismissal is proper because such pleadings fail to comply with Rule 8(d)(1), which requires each averment of a pleading to be "simple, concise, and direct." *Id*. at 1179. This rule "applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *Id.*

Finally, Rule 12(f) authorizes the court to order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous matter." A matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds* by 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Ibid*.

Plaintiffs' Second Amended Complaint fails to allege sufficient facts to state causes of action entitling them to relief and includes immaterial and impertinent matters that should be stricken. Moreover, plaintiffs fail to clearly plead their allegations, leaving County Defendants unable to frame a reasonable response. Dismissal of the Second Amended Complaint is therefore warranted.

/ / /

18782

**Collins Collins Muir + Stewart LLP**
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax      (626) 243-1111

# III.

## PLAINTIFFS' CAUSE OF ACTION FOR THE UNLAWFUL DETENTION, ARREST, AND SEARCH OF DECEDENT FAILS TO ALLEGE ANY ACTION ON THE PART OF THE NAMED DEFENDANTS

Two of the three plaintiffs, N.G. and L.G., allege the first cause of action for Unreasonable Search and Seizure—Detention and Arrest against defendants Chevez and Swanson. In the pleaded facts regarding the arrest and detention on October 17, 2012, plaintiffs claim that decedent was detained without reasonable suspicion and arrested without probable cause, which was followed by an alleged unconstitutional search of his residence. (See Second Amended Complaint ¶20.) These events at issue in this cause of action are separate from the later shooting of decedent at a hospital on October 18, 2012. In the facts describing the detention, arrest, and search, there are none alleged as to Deputies Chevez or Swanson being present or involved in any way; rather, these two named deputies are alleged to be present on October 18, 2012 during the hospitalization of decedent. (Compare Second Amended Complaint ¶¶20 and 21.) It is Deputies Chevez and Swanson's actions at the hospital relative to the shooting of decedent that is the subject of plaintiffs' other causes of action for excessive force, wrongful death, battery, and negligence. However, as to this first cause of action, without facts to support the presence of Deputies Chevez and Swanson at decedent's detention, arrest, and search of his home, the Second Amended Complaint fails to state a claim upon which relief can be granted against these two defendants and should be dismissed. Fed. R. Civ. P. 12(b)(6).

Additionally, the damages sought are improper. Plaintiffs allege "wrongful death damages" under this claim (see ¶ 32, line 9); however, Fourth Amendment rights are personal and may only be asserted in the capacity of a successor. See, e.g., *Alderman v. United States*, 394 U.S. 165, 174, 394 U.S. 165, 22 L.ed.2d 176 (1969); *Smith v. City of Fontana*, 818 F.2d 1411, 1417 (9th Cir.1987), overruled on other grounds by *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir.1999). Therefore,

18782

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax     (626) 243-1111

the claim for wrongful death damages suffered by plaintiffs for violations of decedent's Fourth Amendment rights should be stricken. Fed. R. Civ. P. 12(f).

Furthermore, while the Second Amended Complaint recites that Deputies Chevez and Swanson are liable in paragraphs 28-30, based on the contrary factual allegations in paragraph 20; thus, the pleading is at best vague and ambiguous as to the presence of Deputies Chevez and Swanson at the detention, arrest, and search such that County Defendants cannot reasonably prepare a response. Therefore, a more definite statement is required. Fed. R. Civ. P. 12(e).

## IV.
## PLAINTIFFS' FOURTH CAUSE OF ACTION AGAINST COUNTY LACKS SUFFICIENT FACTS TO SUPPORT LIABILITY

Plaintiffs' cause of action against County under section 1983 should be dismissed because "naked assertions," "threadbare recitals of the elements," and "conclusory statements" are not sufficient to allege a cause of action. See *Bell Atlantic Corp.*, 550 U.S. at 570; and *Ashcroft*, 556 U.S. at 678.

For example, in the Second Amended Complaint paragraph 51, plaintiffs merely allege that Deputy Chevez's shooting of decedent was "found to be within LASD's policy;" however, nowhere is any actual, formal policy of County even identified. Similarly, in paragraphs 52 and 54 (e), plaintiffs allege Deputy Chevez's action was "ratified by LASD supervisorial officers" and "ratifying the intentional misconduct of Chevez, Swanson;" however, no facts demonstrating ratification by any person are included anywhere in the pleading.

Moreover, plaintiffs' paragraph 54 (f) is merely a recitation of conclusions that a "policy, custom, and practice" exists, but they provide no actual underlying facts— no specific policy is identified; no demonstration whatsoever of any permanent, longstanding, or widespread custom is provided; and no individuals are identified. See, *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 167–168, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) ("the Court has long recognized that a plaintiff may be able to prove the

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

existence of a widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a 'custom or usage' with the force of law."); and *Bouman v. Block*, 940 F.2d 1211, 1231 (9th Cir. 1991) ("If a practice is so permanent and well-settled as to constitute a 'custom or usage' with the force of law, a plaintiff may proceed in a § 1983 action, despite the absence of written authorization or express municipal policy.")

Plaintiffs attempt in paragraph 54 and its subdivisions to allege various customs, "policy and/or practice;" however, once again their allegations are conclusory and lack factual support. For example, subdivisions (a), (b), and (c) of paragraph 54 essentially allege liability against County for employing tortfeasors. However, it is well-settled that County cannot be liable under 42 U.S.C. § 1983 merely because it employs tortfeasors. *See*, *e.g.*, *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 659, 436 U.S. 658, 98 S.Ct. 2018 (1978) ("[T]he language and legislative history of § 1983 compel the conclusion that Congress did not intend a local government to be held liable solely because it employs a tortfeasor—in other words, a local government cannot be held liable under § 1983 on a *respondeat superior* theory.") Such conclusory statements in the complaint are not enough. Rather, the threshold for municipal liability under section 1983 is high. Plaintiffs must be able to allege specific facts that demonstrate that plaintiffs or their decedent suffered a deprivation of a constitutional right as a result of municipal policy or widespread custom that is equivalent to a policy.

The fourth cause of action against County also fails because plaintiffs do not allege facts demonstrating standing or damages as to several of their allegations. In paragraphs 53 and 54 (b) at line 26, 54 (c) at lines 4-5, 54 (d), and 54 (g) plaintiffs reference a failure to discipline Deputy Chevez for the shooting of decedent and make other references to County's failure to "report," "investigate," and "review" the shooting and claims of unlawful detention and excessive force; however, these allegations are not supported by any facts. Moreover, the plaintiffs do not allege that

18782

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax       (626) 243-1111

5

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

they or decedent were in fact damaged in any way by any of these purported failures in discipline or investigation, which renders these allegations immaterial and impertinent. Without facts demonstrating standing to sue or damage suffered by plaintiffs, there can be no liability and so these allegations must be stricken. Fed. R. Civ. P. 12(f).

Additionally, the damages plaintiffs seek in the fourth cause of action are improper. Successors in interest may only recover for a section 1983 survival action pursuant to the laws of California, which recent case law in the Central District holds not to be in conflict with the purposes of section 1983. Here, plaintiffs allege only pain and suffering damages for decedent, which are not recoverable in California. (See Second Amended Complaint at ¶59.) "Because state law does not permit recovery of a decedent's pain and suffering, Plaintiff may not recover for any pain and suffering the decedent experienced prior to death." *McMurray v. County of Sacramento* (E.D. Cal., Jan. 19, 2012, 2:09-CV-02245-GEB) 2012 WL 169872 (citing *Venerable v. City of Sacramento*, 185 F.Supp.2d 1128, 1133 (E.D. Cal. 2002)); and Cal. Civ. Proc., § 377.34 ("In an action or proceeding by a decedent's . . . successor in interest on the decedent's cause of action, the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, and do not include damages for pain, suffering, or disfigurement."). Without alleging any special damages of decedent, his successors in interest are only left to recover nominal damages for their survival causes of action and so reference to improper general damages should be stricken from the Second Amended Complaint. Fed. R. Civ. P. 12(f).

For all these reasons, plaintiffs' fourth cause of action fails to state a claim against County upon which relief can be granted under Rule 12(b)(6). The pleading is so vague and ambiguous that County cannot reasonably prepare a response. Therefore, at the least, a more definite statement is required. Fed. R. Civ. P. 12(e).

18782

6

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

## V.
## THE CAUSES OF ACTION FOR WRONGFUL DEATH AND NEGLIGENCE FAIL TO STATE A CLAIM AGAINST COUNTY BECAUSE COUNTY IS IMMUNE FOR INJURIES TO PRISONERS

Plaintiffs' causes of action for wrongful death, battery, and negligence are barred because County as a public entity is not liable for the negligent act of a public employee that causes injury to decedent who was a prisoner.

State tort actions brought on behalf of deceased prisoners are generally subject to statutory immunity afforded to public entities. See, e.g., *May v. Monterey County*, 139 Cal.App.3d 717, 189 Cal.Rptr. 63 (1983) California Government Code section 844.6 subdivision (a) (2) establishes that "[A] public entity is not liable for. . . . (2) an injury to any prisoner." This statute was applied in *Lowman v. County of Los Angeles,* 127 Cal.App.3d 613, 615–617, 179 Cal.Rptr. 709 (1982), which held "[S]ection 844.6 precludes actions against public entities for the wrongful death of prisoners regardless of the underlying theory of liability."

For this reason, County is immune from liability for injury to decedent, a prisoner under the theories of wrongful death, battery, and negligence. For this reason, the fifth, sixth, and seventh causes of action fail to state a valid claim against County and should be dismissed. Fed. R. Civ. P. 12(b)(6).

## VI.
## PLAINTIFF SARA PEREZ LACKS STANDING TO SUE FOR WRONGFUL DEATH DAMAGES

Plaintiff Sarah Perez is suing "in her individual capacity as the mother of Decedent for wrongful death damages under federal law" and seeks wrongful death damages (See Second Amended Complaint at ¶¶ 5 and 46-47.) There is no cause of action for wrongful death in federal law. To the extent plaintiff Perez seeks to join in the fifth cause of action for wrongful death or recover any damages for wrongful

18782

death, she fails to allege any facts showing she is entitled to recover under California's wrongful death statute.

Under California Code of Civil Procedure section 377.60:

"A cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons or by the decedent's personal representative on their behalf: (a)The decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons, including the surviving spouse or domestic partner, who would be entitled to the property of the decedent by intestate succession.
(b)Whether or not qualified under subdivision (a), **if they were dependent on the decedent, the** putative spouse, children of the putative spouse, stepchildren, or **parents**. . . ." [Emphasis added.]

Here, the Second Amended Complaint identifies decedent's two surviving children: N.G. and L.G. as proper wrongful death plaintiffs and successors in interest by following California intestate succession, whereby without a spouse, decedent's surviving children take equal portions of his estate. (See Cal. Prob. Code § 6401: "[T]he part of the intestate estate not passing to the surviving spouse or surviving domestic partner, as defined in subdivision (b) of Section 37, under Section 6401, or the entire intestate estate if there is no surviving spouse or domestic partner, passes as follows: (a) To the issue of the decedent, the issue taking equally if they are all of the same degree of kinship to the decedent, but if of unequal degree those of more remote degree take in the manner provided in Section 240.") Therefore, under Code of Civil Procedure section 377.60 subdivision (b), if a decedent has children, then the decedent's parent cannot recover for wrongful death unless the parent were "dependent on the decedent." Case law interpreting the meaning of "dependent" clarifies that "[A] parent cannot claim they are dependent within the meaning of Code of Civil Procedure section 377 if they receive financial support from their children which merely makes available to them some of the niceties of life they might not otherwise be able to afford. But, if a parent receives financial support from

18782

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax      (626) 243-1111

their child which aids them in obtaining the things, such as shelter, clothing, food and medical treatment, which one cannot and should not do without, the parent is dependent upon their child." *Chavez v. Carpenter*, 91 Cal.App.4th 1433, 1446 (2009).

Here, plaintiffs make no allegation of any kind that plaintiff Sara Perez was dependent on decedent. Because plaintiff Perez cannot recover as a successor in interest to decedent and has not alleged that she was dependent on decedent for necessities, she lacks standing to sue for wrongful death damages. For this additional reason, County Defendants respectfully request this Motion to Dismiss be granted.

## VII.
## CONCLUSION

On the face of plaintiffs' Second Amended Complaint, defendants Chevez and Swanson took no action connected to decedent's detention, arrest, and search of his home. Plaintiffs also have not identified any formal County policy or longstanding custom sufficient to support the liability of County. As to the state causes of action, County is immune from injuries to prisoners. Finally, plaintiff Sara Perez, as decedent's parent, does not have standing under California law to sue for wrongful death damages. For all these reasons, County Defendants respectfully request this Court grant this motion to dismiss or alternatively, to strike the Complaint. County Defendants request any other relief this Court deems just and proper.

DATED: January 24, 2014            COLLINS COLLINS MUIR + STEWART LLP


By: _____
        ERIN R. DUNKERLY
TOMAS A. GUTERRES
CATHERINE M. MATHERS
Attorneys for Defendants, COUNTY OF LOS ANGELES, DEPUTIES DAVID CHEVEZ and LAWRENCE SWANSON, JR.

18782

9

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**